UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TD BANK NA, f/k/a )
FIRST MASSACHUSETTS BANK NA, )
                                                                       )
    Plaintiff, )
                                                                        )
v. ) 1:11-cv-00255-DBH
                                                                       )
TWILA A. WOLF, a/k/a )
TWILA A. BUTLER, )
                                                                       )
    Defendant )

**RECOMMENDED DECISION ON
MOTION TO REMAND**

This matter is before the court on plaintiff's motion to remand and five additional motions relating to case management, three filed by the defendant and two filed by the plaintiff. I now recommend that the court grant the motion to remand and I reserve ruling on the other motions because they are best addressed by the court that ultimately decides this case.

Removal is appropriate only when the case might have originally been brought in federal court. 28 U.S.C. § 1441(a), (b). Traditionally, the most common bases for removal are diversity of citizenship and federal question jurisdiction. Id. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court has an obligation to determine the existence of subject matter jurisdiction whenever it should appear to be missing. In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."). When the defendant is the party insisting that the amount in controversy is sufficient to justify removal to federal court, the Court may require the defendant

to demonstrate that the plaintiff, if successful, would recover in excess of $75,000. Satterfield v. F.W. Webb, Inc., 334 F. Supp. 2d 1, 3 (D. Me. 2004) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 400-404 (9th Cir. 1999)).

"To invoke a federal court's subject matter jurisdiction by reason of diversity of citizenship, the amount in controversy must exceed $75,000." Westinghouse Elec. Co., LLC v. Healy, 502 F. Supp. 2d 138, 140 (D. Me. 2007) (citing 28 U.S.C. § 1332(a)). The plaintiff bank contends that this controversy concerns a note with an original principal amount of less than $18,000.00 (Mot. to Remand at 4, Doc. No. 13) and the defendant does not refute that allegation.[1]

The other possible basis for federal court jurisdiction would be if the case raised a federal question. Wolf attempts this avenue by asserting that she has constitutional counterclaims she wants to assert against the defendant. Even if she had, counterclaims and/or third-party claims do not establish federal jurisdiction. Ballard's Serv. Ctr., Inc. v. Transue, 865 F.2d 447, 449 (1st Cir. 1989) ("Title 28 U.S.C. § 1446 authorizes removal only by defendants and only on the basis of claims brought against them and not on the basis of counterclaims asserted by them."); Rafter v. Stevenson, 680 F. Supp. 2d 275, 279 (D. Me. 2010) ("An actual or anticipated counterclaim sounding in federal law . . . cannot create federal jurisdiction.").

Thus, even if Wolf's notice of removal was timely (it was not) this court would lack jurisdiction and be compelled to remand the case. Accordingly, I recommend that the court grant the motion to remand (Doc. No. 13) and return this matter to the state court for action on the pending motions.

---

[1] See also Compl. for Foreclosure by Civil Action ¶ 13, Doc. No. 8-23.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 13, 2011